Selbin GAMEZ–VENTURA, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–73349.

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2007 *.

Filed March 21, 2007.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Selbin Gamez–Ventura, Los Angeles, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Carl H. McIntyre, Jr., Nancy E. Friedman, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KOZINSKI, LEAVY, and BYBEE, Circuit Judges.

### MEMORANDUM **

Selbin Gamez–Ventura, a native and citizen of El Salvador, petitions pro se for review of a Board of Immigration Appeals ("BIA") decision that summarily affirmed the ruling of an Immigration Judge ("IJ") denying his application for asylum and withholding of removal. We have jurisdic-

** This disposition is not appropriate for publication and is not precedent except as provid-

tion under 8 U.S.C. § 1252, and we deny the petition.

Where, as here, the BIA summarily affirmed the IJ's opinion, this court reviews the IJ's opinion as the final agency decision. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003). This court will affirm the IJ's decision if it is supported by reasonable evidence on the record considered as a whole, and may reverse only if the applicant shows that the evidence *compels* the conclusion that the decision was incorrect. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

■ The record as a whole indicates that Gamez–Ventura's attackers were motivated entirely by pecuniary interests and we therefore conclude that the evidence does not compel the conclusion that Gamez–Ventura was persecuted on account of a protected ground. *See id.* at 481–84, 112 S.Ct. 812; *see also Sangha v. INS,* 103 F.3d 1482, 1489–91 (9th Cir.1997).

■ Because Gamez–Ventura failed to satisfy the lower standard of proof for asylum, he necessarily failed to satisfy the more stringent standard for withholding of removal. *See Mansour v. Ashcroft,* 390 F.3d 667, 673 (9th Cir.2004).

### PETITION FOR REVIEW DENIED.